[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 246 
This action is for a fraudulent representation by the defendant, in the quantity of land sold by him to the plaintiff, and not upon a warranty. It is stated in the complaint that the defendant "falsely and fraudulently represented and alleged that the farm contained ninety acres," and that the farm actually contained less than eighty acres. It is not stated that the defendant knew that the farm did not contain ninety *Page 247 
acres. The complaint was doubtless sufficient (2 Johns., 550), but assuming that it may have been defective, the cause was tried without objection on that account, both parties introducing evidence bearing upon the question whether the misrepresentation was willful, and the case must be considered now, as if thescienter had been fully alleged, assuming such allegation to be necessary.
The only objection to the introduction of testimony taken on the trial, was the following: Immediately after the parties had exchanged deeds, the plaintiff, holding his deed in his hands, said to the defendant, "You know, of course, I have had no opportunity to examine the deed, or the survey bill; I now want to know if the quantity of land, as set forth there, is all right." The defendant, in reply, said, "You may be assured it is all right." Exception was taken to the evidence of this conversation, and it is now insisted that it was improper, because it took place after the delivery of the deed. Evidence of fraudulent representations of the quantity of land, after the contract was consummated, however clear, would not be sufficient to sustain the action, and perhaps this representation may be considered as coming too late for that purpose; but the evidence was admissible to show that the plaintiff relied upon the defendant's statement, and not upon his own knowledge, as to the quantity of land, and as bearing upon the question of the good or bad faith of the defendant in representations of a somewhat similar character, which were shown to have been made before the deed was drawn. The evidence, if too late to be admitted as a part of the contract (and whether it was or not, need not be decided), was proper as an admission of the defendant, bearing upon the character of the contract. (Broom on Com. Law, 353, 354.)
The motion for a nonsuit, on both occasions when it was made, was properly denied. The action, as has been said, was based upon the fraud of the defendant, and not upon any warranty or contract on his part, in regard to the quantity of land. The doctrine, therefore, of the merger of all previous negotiations and representations in the written contract, and *Page 248 
of the merger of the contract in the deed, has no application to the case. Fraud cannot be so merged. (Johnson v. Miln, 14 Wend., 195.) No ground on which the motion for a nonsuit was asked, appears to have been stated on the trial and none is urged now, but the above. Very clearly, there was some evidence bearing upon the question of fraud, which it was proper to submit to the jury.
The defendant's general exception to the whole charge raises no question which can be considered here. (Caldwell v. Murphy, 1 Kern., 416.)
The only remaining exception, is to the refusal of the court to charge that the sale was in gross, and not one by the acre. I think the defendant's counsel was clearly right in his position, that the sale was in gross, and not by the acre. This question does not depend upon the oral testimony, but upon the written contract, which we are to look to as the only evidence of what the bargain was, aside from the question of fraud. It was a question of law merely, depending upon the interpretation of the contract; and it is not one that admits of any doubt. The farm was sold with the personal property upon it, for $13,000, and no reference whatever was made to the quantity. It was, therefore, a sale in gross. (Faure v. Martin, 3 Seld., 210.) If this point was material, it would be fatal to the judgment; but it is wholly immaterial. The liability of the defendant for a fraudulent representation, is as clear, if the sale of the farm was in gross, as if it was by the acre. The representations of the defendant may have induced the plaintiff to enter into the contract for the purchase in gross, instead of by the acre, and there would be great injustice in depriving him, on that account, of his remedy for the fraud. Possibly the measure of damages might be different in the two cases, but no question on this subject was made at the trial; and this refusal of the judge to charge as requested, could not have injured the defendant in this respect.
The judgment should be affirmed.