CARR et al. v. SANGER et al.

(Supreme Court, Appellate Division, Second Department. April 22, 1910.)

1. FRAUD (§ 45*)—DECEIT—COMPLAINT—SCIENTER.

Where a complaint for deceit charged the alleged representations and concealments of defendants as having been "falsely and fraudulently made," it sufficiently set forth scienter.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 40; Dec. Dig. § 45.*]

2. FRAUD (§ 11*)—DECEIT—TITLE—REPRESENTATIONS BY VENDOR.

Where a vendor assumes to represent his title as good, when he knows it is bad, and the vendee is deceived thereby, the vendor cannot escape liability for deceit by claiming that the question was but a matter of opinion.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 12; Dec. Dig. § 11.*]

3. TRIAL (§ 139*)—QUESTIONS FOR JURY—EVIDENCE.

Where, in an action for deceit against two defendants, the court during the trial had expressly excluded all the evidence indicating fraud on the part of defendant J. as against defendant S., it was error to submit to the jury the question of the confederacy of S.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 365; Dec. Dig. § 139.*]

Appeal from Trial Term, Kings County.

Action by Helen G. Carr and another against William H. Sanger impleaded with others. From a judgment for plaintiffs, and from an order denying defendant Sanger's motion for new trial, he appeals. Reversed, and new trial granted.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

Ralph Earl Prime, Jr., for appellant.

Ernest W. Stuart, for respondents.

CARR, J. The defendant Sanger appeals from a judgment entered on the verdict of a jury against him and his fellow defendant for the sum of $346.75. The action was for deceit alleged to have been practiced on the plaintiffs by the defendants in a contract for the exchange of real property. The alleged deceit consisted of representations by the defendants that they had a good and marketable title to the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

land which they sought to exchange for the plaintiffs' land, and a fraudulent suppression by them of the knowledge that they were not the owners of said land.

The appellant moved to dismiss the complaint at the opening of the trial on the ground that scienter was not alleged. This motion was denied, and an exception taken. It is now urged that the denial of the motion was reversible error. The complaint did not allege in words scienter on the part of the defendants; but it did describe the alleged representations and concealments of the defendants as being "falsely and fraudulently" made. It has been long held that a pleading in this form sufficiently sets forth scienter. Thomas v. Beebe, 25 N. Y. 244; Dudley v. Scranton, 57 N. Y. 424.

It is likewise urged that a representation as to title to real property is at most but a matter of opinion, upon which a charge of deceit cannot be founded, and that the rule of caveat emptor applies, and requires the purchaser to exercise due diligence, instead of relying upon the representation. Whether this be true or not depends upon the form of the representation; for if the vendor assumes to represent his title as good, when he knows it is bad, and the vendee is deceived thereby, he cannot escape liability for deceit by claiming that the question was but a matter of opinion. Clark v. Baird, 9 N. Y. 183; Whitney v. Allaire, 1 N. Y. 305; Schwenk v. Naylor, 102 N. Y. 683, 7 N. E. 788; 20 Cyc. 46, 55. The allegation in the complaint in regard to the representations as to title is, therefore, sufficient.

Apart from these questions of pleading, some difficulty arises from the conduct of the trial. The plaintiffs' claim is that they were the owners of a farm in Oneida county, and that they entered into an agreement with the defendant Jones to exchange that farm for several lots of land in Brooklyn. They made no search of the title to the Brooklyn property, relying upon a statement by Jones that he and Sanger had good title to the Brooklyn property. They delivered a quitclaim deed for their farm to Jones, and received in exchange a quitclaim deed for the Brooklyn lots, executed by Jones' mother and the appellant Sanger as "administrator with will annexed" of Zedekiah Sanger. They showed on the trial that the title sought to be released by this quitclaim was a tax title under a deed from the State Comptroller, and that the property was held adversely when the deed was given. No evidence was offered to show that the tax deed was, in fact, invalid. It was assumed, and perhaps properly so, that the title under the tax deed was unmarketable, at least, because the land was held adversely under a hostile title. The exchange, however, took place between the plaintiffs and the defendant Jones, and the plaintiffs knew that they were dealing with Jones in relation to it.

Assuming that actionable deceit was practiced by Jones, who has not appealed from the judgment against him, it was sought to connect Sanger with such deceit by showing that, nearly two years before the transaction of exchange was put through, he had called on the plaintiffs and introduced the subject of exchange on behalf of Jones. The plaintiffs then communicated with Jones and received a reply. Nothing followed in the negotiations for more than a year. Then the

plaintiffs renewed the negotiations with Jones, and after some little time the transaction was consummated. The plaintiffs' theory, among others, was that Sanger was a confederate with Jones in whatever fraud the latter was guilty of. The court in its charge submitted this question of confederacy in fraud to the jury. During the trial, however, all the evidence tending to show fraud upon the part of Jones had been expressly excluded as against Sanger. There was, therefore, nothing in the evidence, as it stood, which justified the submission to the jury of the question of the confederacy of Sanger in the fraud of Jones.

I recommend that the judgment and order be reversed as to the defendant Sanger, and a new trial be granted; costs to abide the event. All concur.

