## PARIS v. SMITH et al.

(Circuit Court of Appeals, Second Circuit. November 10, 1920.)

No. 55.

**Fraud ☞47—Complaint sufficient.**

A complaint, which sets forth false representations made by defendant to plaintiffs, on which they relied, and with the result that they parted with their money to their damage, states a cause of action for deceit, and damages necessarily and naturally resulting may be proved, without pleading special facts showing the damage.

In Error to the District Court of the United States for the Southern District of New York.

Action at law by Otto Smith and Boyd Doyle, partners as Smith & Doyle, against Christ Paris. Judgment for plaintiffs, and defendant brings error. Affirmed.

This action was brought by the defendants in error for fraud and deceit, and was submitted to the jury by the District Judge as such action. The plaintiff in error attacks the sufficiency of the complaint, and upon the trial moved for a dismissal thereof, which was denied. No defense was interposed, and the plaintiff in error rested upon the proof offered by the defendants in error.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
270 F.—5

The defendants in error were copartners engaged in business in California, and contracted with the plaintiff in error, through their agent, for the purchase of 5,000 gallons of imported pure olive oil, packed in cases of 2/5 gallon tins, "quality to be equal to sample submitted, at the price of $4.60 per gallon, ex warehouse in New York, subject to approval of sample and final examination and approval after goods are packed. Terms cash, warehouse order or bill of lading." A sample submitted by registered mail, after test, proved to be olive oil. On June 20th the agent of the defendants in error received notice that the goods were ready for shipment. An examination was then made of a case of the olive oil at the place of business of the plaintiff in error. One of the cans was opened, and part of the contents poured into a long glass. Upon direct inquiry, the plaintiff in error then repeated that the oil was pure, and said, "Yes, it is pure; it looks and tastes like pure olive oil to me." Payment was then made for the merchandise, and the bill of lading was delivered to the bank. In the month of August, 1918, the defendants in error received information that the purity of the oil was questioned and the agent at once saw the plaintiff in error.

An analysis of the olive oil was then made by a chemist, with the result that it showed a negligible quantity of olive oil—"it showed cotton seed flavored with olive." It was testified that in the purchase of olive oil an analysis is not resorted to, but the usual method of testing it is to visualize it, and to visualize it means looking at it through the light, and thus judging whether, by the color and appearance, it is olive oil. The chemist who made the analysis, however, said: "It is an unsaponifiable oil, containing a small amount of cotton seed oil. It is highly refined, with no bad odor or taste, and from these properties I conclude that it was chemically changed by some process, the deduction of which was not within the scope of my analysis; but the presence of cotton seed oil is positively established." It thus appears that the olive oil sold, was not pure olive oil, and it was misbranded. This analysis was made after it was libeled by the government for violation of the Pure Food Laws. The plaintiff in erorr was informed that the oil was libeled by the government because it was not pure. Another witness testified that in the course of the trial of a litigation between the witness and the plaintiff in error, a statement was made by the plaintiff in error in the courtroom that he had sold to the defendants in error a compound, and not pure olive oil.

Celler & Kraushaar, of New York City (Meyer Kraushaar and Emanuel Celler, both of New York City, of counsel), for plaintiff in error.

John B. Johnston, of New York City (Moses Cohen, of New York City, of counsel), for defendants in error.

Before WARD, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge (after stating the facts as above). The District Judge submitted this testimony to the jury, and permitted them to determine as a question of fact whether the defendants in error had sustained the burden of establishing their action for fraud and deceit. He instructed the jury that it must be established by a fair preponderance of proof that the plaintiff in error represented to the defendants in error that he was selling pure olive oil, and that in point of fact the oil so sold was not pure; that these representations so made were relied upon, and that the plaintiff in error, at the time, knew the representations made to be false. The court sharply called to the attention of the jury the necessity of proof that the representations were known to the plaintiff in error to be false when made, and that such false representations were relied upon by the defendants in error in making the purchase. The measure of damages was the difference

between the price agreed to be paid for pure olive oil and the market value of the oil which was sold, which is cotton seed oil. Evidence as to this the court submitted to the jury. We cannot interfere with the finding of the jury on the questions of fact thus submitted.

The plaintiff in error assigns as error the insufficiency of the complaint to state a good and sufficient cause of action in fraud and deceit. The complaint sufficiently states the jurisdictional facts, the making of the contract, and the promise of payment. It sets forth the representations made, which proved to be false, the fact that the oil so shipped "was not as represented and warranted as aforesaid, and was libeled by the officials of the Department of Agriculture at Los Angeles, because it was not as represented and warranted by the defendant, and not as described by the defendant in the bill of lading aforesaid," and further that on the 21st of June, 1918, the plaintiff in error unlawfully and fraudulently delivered to the Irving National Bank, the agent of the defendants in error, a bill of lading covering a shipment represented and warranted to be pure olive oil. It is further alleged that the plaintiff in error unlawfully and fraudulently obtained from the defendants in error the moneys so paid.

The complaint is sufficient, although it does not allege scienter on the part of the plaintiff in error. It does describe the alleged representations and concealments of the plaintiffs in error as falsely and fraudulently made. A pleading in this form is sufficient in the state courts. Thomas v. Beebe, 25 N. Y. 244; Dudley v. Scranton, 57 N. Y. 424; Carr v. Sanger, 138 App. Div. 32, 122 N. Y. Supp. 593.

Agreement to enter into a contract relation implies that the parties will deal with each other in good faith. This is essential to the meeting of the minds. If one of the parties fails to act in good faith, and in fact deceives the other, it is an actionable fraud, and breaches the implied obligation he is under, and he must respond in damages. The aggrieved party may have the remedy to rescind the contract; but he may, at his option, affirm the contract and bring an action for damage, recovering such amount as he may prove. A complaint that, as here, sets forth false representations made to the defendants in error, upon which they relied, and with the result that they parted with their money to their damage, sufficiently sets forth an action for deceit. Any damages that necessarily and naturally flow from such a contractual relation may be proved without pleading special facts showing the damage. Colrick v. Swinburne, 105 N. Y. 503, 12 N. E. 427.

We think the complaint sufficiently sets forth a cause of action, as claimed. The proofs here required the submission to the jury of the question of damages; that is, the loss sustained, due to the difference between the contract price and the market price of the compound which was actually sold. This compound was called cotton seed oil by counsel in his questions. Cotton seed oil was the standard used in determining the market value, so as to determine the loss. But since the term seems to have been descriptive of what was sold defendants in error, we think no error was committed in its use, and therefore the evidence as to damage was sufficiently established.

Finding no error in the result below, the judgment is affirmed.