**PROFFITT et al. v. BERLY et al.** (No. 8194.)

Court of Civil Appeals of Texas. San Antonio. April 10, 1929.

Carter & Stiernberg and Hornaday & Mayfield, all of Harlingen, for appellants.

John C. Myrick, of Harlingen, for appellees.

COBBS, J. Appellants sued appellees for the cancellation and rescission of a certain sale of 10 acres of alleged citrus-growing land in Cameron county, and for the rescission of five vendor's lien notes for $200 each, executed by appellants in part payment for said land, payable to the order of the Sid Berly Company, for a refund of $2,875 paid on said land, and for the rescission of appellants' assumption of $2,000 in vendor's lien notes, executed by Sid Berly and payable to the order of J. W. Colvin and C. C. Colvin. They sued in the alternative for damages against Sid Berly and Sid Berly Company for the frauds perpetrated by them upon appellants in the purchase of said land.

It is alleged that Sid Berly and Sid Berly Company, and their agents, had represented to appellants that the 10 acres sold to them contained all of the most essential requirements for growing citrus fruit, and that appellants believed and relied on such representations and were induced thereby to purchase said land, and that said representations were not true but false. There were other grounds alleged for such rescission and damages. Appellants lived in Indiana and had never been in Texas, but were brought to the Rio Grande Valley on what is commonly known as the "Homeseekers" or "Excursion" method, and were shown other lands in the vicinity of the land in question, but had never seen the land in question when they contracted to purchase it and when they received the deed therefor.

Appellees answered by general demurrer, special exceptions, general denial and special denial, and by an admission that they represented the building on the said 10-acre tract to be a five-room house when it was not a five-room house, but that they were willing to make it a five-room house.

The case was tried to a jury, and the court submitted the following special issues:

"Did the ten (10) acres in Block thirty-

seven (37) contain all the most essential requirements for the successful growing of citrus fruit?" The jury answered, "No."

"How much of said land did not contain all of the most essential requirements for the successful growing of citrus fruit?" The jury answered, "Three acres."

"What was the reasonable market value per acre of said land which was not suitable for the growth of citrus fruit?" The jury answered, "One Hundred Dollars per acre."

The evidence showed that the appellants had paid $600 per acre for the said 10 acres.

Upon the return of this verdict appellants filed their motion for judgment for a full rescission of the entire transaction between them and the defendants. The court heard the motion and overruled it and refused to render judgment for rescission, but rendered judgment in favor of appellants against Sid Berly and the Sid Berly Company for $1,500 damages.

Now, the only real question in this case is: Were appellants entitled on the verdict of the jury to an ultimate rescission of the entire contract? We think, beyond any question, they were.

The finding of the jury is to the effect that 3 acres of the 10-acre tract were not suitable for the purpose for which the land was bought, the growing of citrus fruit, and that those 3 acres were worth only $100 per acre, when appellants were paying $600 per acre for them. The effect of the finding was that 25 per cent. of the consideration for said land had failed, so that the contract was not complete and would not have been entered into if appellants had known that 3 acres were not suitable for the growing of citrus fruit. The fraud was material and substantial and was such as to entitle appellants to a rescission of the entire trade and transaction.

Three acres, or 30 per cent., of the land sold did not meet the requirements and purposes of the sale and purchase of lands for citrus growing. Appellants paid $600 per acre for the entire tract, and the jury found that 3 acres were worth only $100 an acre; therefore 25 per cent. of the consideration failed.

The representations made to appellants by appellees were that the land as a whole contained the most essential requirements for the growing of citrus fruit, which statements the appellants believed, and were thereby induced to purchase.

It was shown that the 3 acres were irregular in shape and that they could not be separated from the remaining 7 acres. The appellants elected to rescind immediately on discovery of the fraud, and did rescind same.

There is no principle of law so well settled as that which gives the right of rescission to the purchaser in a proper case. Black on Rescission, §§ 177, 180, 181, 186, 190, 425, and 70; Tiffany on Sales, §§ 62, 63, and 64; Best v. Offield, 59 Wash. 466, 110 P. 17, 30 L. R. A. (N. S.) 55; Culbertson v. Blanchard, 79 Tex. 486, 15 S. W. 700; Hatch v. De la Garza, 7 Tex. 60; Rippetoe v. Low, 1 Posey Unrep. Cas. 475; Neely v. Rembert, 71 Ark. 91, 71 S. W. 259; Moline Plow Co. v. Carson, 18 C. C. A. 606, 72 F. 387; Black on Rescission, §§ 583, 584 and 585; Kallison v. Poland, (Tex. Civ. App.) 167 S. W. 1104, writ of error denied 170 S. W. xviii; Winters v. Coward (Tex. Civ. App.) 174 S. W. 940; Shappirio v. Goldberg, 192 U. S. 232, 24 S. Ct. 259, 48 L. Ed. 419; Bigelow on Fraud, page 184; Grabenheimer v. Blum, 63 Tex. 369; Du Bois v. Rooney, 82 Tex. 173, 17 S. W. 528; Jeffreys v. Weekly, 81 Or. 140, 158 P. 522, Ann. Cas. 1918D, 690; Wooddy v. Benton Water Co., 54 Wash. 124, 102 P. 1054, 132 Am. St. Rep. 1102; Evans v. Duke, 140 Cal. 22, 73 P. 732; Speed v. Hollingsworth, 54 Kan. 436, 38 P. 496; Wortman v. Young (Tex. Civ. App.) 221 S. W. 660; Dickinson v. Day (Tex. Civ. App.) 275 S. W. 307; Griffith v. Gifford, 97 Wash. 22, 165 P. 874, 2 A. L. R. 1509; 39 Cyc. 1267, Quantity; Leicher v. Keeney, 98 Mo. App. 394, 72 S. W. 145; Paul v. Swears, 138 App. Div. 638, 122 N. Y. S. 740; 39 Cyc. 1268, Quality and Condition; 27 R. C. L. pp. 643 and 647; Russell v. Industrial Transp. Co., 113 Tex. 441, 251 S. W. 1034, 258 S. W. 462, 51 A. L. R. 1; Dowlin v. Boyd (Tex. Sup. Ct.) 291 S. W. 1095.

Of course, the defrauded party may elect to rescind and not only rely on damages; that option is with him.

Having reached the conclusion that the court erred, the judgment of the trial court is reversed and judgment is here rendered for the cancellation and the rescission of the contract of May 14, 1927, between appellants and Sid Berly, and for the cancellation and rescission of the deed from Sid Berly to appellants, and for the cancellation of the five vendor's lien notes for $200 each, executed by appellants in favor of the Sid Berly Company; and judgment is rendered against Sid Berly and Sid Berly Company in favor of appellants, for the sum of money paid by appellants, to wit, $2,875.00, with interest at the rate of 6 per cent. per annum from July 23, 1927, the date of payment.

Reversed and rendered.