# WILLIAM LEICHER, Appellant, v. FRANK L. KEENEY, Respondent.

### Kansas City Court of Appeals, February 16, 1903.

1. **Vendor and Vendee: FRAUD: PLEADING: PETITION.** A petition counting in deceit for fraudulent representations by the vendor as to the quantity of the land sold is summarized in the opinion, and is held to state a cause of action.

2. **Appellate and Trial Practice: REJECTION OF EVIDENCE: RULE IN APPELLATE COURT.** Where offers of proof are refused by the trial court the appellate court in passing upon such action should take such offers as and for the proof itself.

3. **Trial Practice: EVIDENCE: OMNIBUS OFFER: SUGGESTION.** An omnibus offer of evidence to prove the allegations of the petition rarely stands the test, and it is suggested that it would be better practice for the court to let the jury retire and hear the proposed evidence, so that both courts may have a more intelligent idea of the evidence and the law questions raised.

4. **Vendor and Vendee: FRAUD: VALUE: QUANTITY.** In a real estate sale, misrepresentations affecting the value of land by overstating the quantity, are material, whether the sale was by acre or in gross.

5. **Contract: FRAUD: MERGER: PRESUMPTION.** A person signing a contract is conclusively presumed to know its contents and to accept the same, and all prior negotiations are merged in the writing; but fraud can not be merged and may be shown to have been induced by contract.

6. **Vendor and Vendee: FRAUD: MISREPRESENTATION.** Where the vendee by reason of his residence is not familiar with the land purchased he may rely upon the representations of the vendor, and the vendor can not shield his fraud by the negligence of the vendee, when such negligence was caused by his own conduct.

Appeal from Pettis Circuit Court.—*Hon. George F. Longan*, Judge.

REVERSED AND REMANDED.

*Louis Hoffman* and *Sangree & Lamm* for appellant.

(1) A party defrauded in a transaction, on discovery of the fraud, may stand by the contract and sue for damages resulting from the fraud and deceit. Shinnabarger v. Shelton, 41 Mo. App. 147; Owens v. Rector, 44 Mo. 389; Parker v. Marquis, 64 Mo. 38; Campbell v. Hoff, 129 Mo. 317. (2) When the fraudulent representations relate to the quantity of land sold or conveyed, it is immaterial whether the sale is by the acre or in gross. Thomas v. Beebe, 25 N. Y. 244; Tyler v. Anderson, 106 Ind. 191, and cases cited; Land Co. v. Simpson (Texas), 20 S. W. 953. (3) The second count of the petition states the distinguishing facts and elements of a good cause of action for fraud. Thus: (a) Keeney's false representations; (b) his knowledge of their falsity; (c) his intention they should be relied and acted on; (d) Leicher's ignorance of their falsity, and (e) Leicher's reliance and acting thereon to his resulting damage. Bank v. Byers, 139 Mo. 652, and cases cited; Paretti v. Rebenack, 81 Mo. App. 494; Edwards v. Noel, 88 Mo. App. 434. (4) One who relies on false representations, under such circumstances, has his action for the resulting injury, the gist of which is the fraud of the defendant. Delaney v. Rogers, 64 Mo. 201; Shinnabarger v. Shelton, 41 Mo. App. 147; Jarrett v. Morton, 44 Mo. 275; Nauman v. Oberle, 90 Mo. 666. (5) The trial court erred in compelling appellant to put the deed and contract in evidence at the commencement of his case and in preventing appellant's developing his case in an orderly and logical way, step by step. This ruling would have been right if our action had been based on the contract and deed, but was wrong in an action *ex delicto,* where such papers were merely one of several incidents born of the fraud, and constitute only links in our chain of evidence. We were not obliged to plead the terms of the written contract in an action *ex*

*delicto.* Lambert v. Jones, 91 Mo. App. 288. (6) And the trial court erred in excluding the oral testimony offered by appellant to prove the facts constituting the fraud set forth in the second count of the petition. (a) Because the rule that oral evidence will not be heard to vary the terms of a written instrument does not apply to cases of fraud. The rule itself, when announced guardedly in the books, excepts and excludes fraud from its terms. Bigelow on the Law of Fraud (1 Ed.), pp. 174, 487; 1 Greenleaf on Evidence (15 Ed.), sec. 284; Liebke v. Methudy, 14 Mo. App. 65; Culp v. Powell, 68 Mo. App. 238; Railroad v. Curtis, 154 Mo. 10; Herman v. Hull, 140 Mo. 270; Bassett v. Glover, 31 Mo. App. 150, and cases cited; Squier v. Evans, 127 Mo. 514; Sprague v. Rooney, 104 Mo. 349; Childs v. Dobbins, 61 Ia. 109; Race v. Weston, 86 Ill. 91. (b) And because the rule that all prior and preliminary negotiations leading up to a written contract are merged in the writing, does not apply to cases of fraud. There can be no merger of fraud. Gooch v. Conner, 8 Mo. 391; Tyler v. Anderson, 106 Ind. 185; Match v. Hunt, 38 Mich. 1; Thomas v. Beebe, 25 N. Y. 244, and cases cited. (c) And because the gravamen of our complaint was fraud —resting exclusively in parol. There were Keeney's false representations resting in parol; Leicher's ignorance thereof and reliance thereon resting in parol; his being persuaded thereby to sign the contract, to accept the deed and finally pay the money, all resting in parol —and we should have been allowed to prove them in the only possible way, to-wit, by parol testimony. Sparks v. Brown, 46 Mo. App. 529, and cases cited; Stone v. Barrett, 34 Mo. App. 22; Calwell v. Henry, 76 Mo. 254; Clinkenbeard v. Weatherman, 157 Mo. 105; Carvill v. Jacks, 43 Ark. 439, and cases cited; Cabot v. Christie, 42 Vt. 121; Dano v. Sessions, 65 Vt. 79; Lovejoy v. Isbell (Conn. 1900), 47 At. 682; Gustafsen v. Rustemeyer (Conn. 1898), 39 Atl. 108, and cases cited; Lambert v. Jones, 91 Mo. App. 288.

*Barnett & Barnett* for respondent.

(1) All previous contemporaneous oral agreements are merged in the written contract. Hair Co. v. Walmsley, 32 Mo. App. 115; Wood v. Murphy, 47 Mo. App. 546; Morgan v. Porter, 103 Mo. 135. (2) A party will not be heard to complain that he has been deceived and defrauded as to the terms of a contract when he has equal means with the other party of knowing its contents, and will not be heard to complain in any case of being deceived when he fails to avail himself of the means and opportunities at hand of protecting himself. The complaining party must be free from negligence before he can have relief. Mires v. Summerville, 85 Mo. App. 187; Lewis v. Brookdale Land Co., 124 Mo. 672; Sanderson v. Voelcker, 51 Mo. App. 328; Dun v. White, 63 Mo. 181; Wade v. Ringo, 122 Mo. 322; Kingman v. Showley, 61 Mo. App. 54; Beck & Pauli Lith. Co. v. O'Bert, 54 Mo. App. 240. (3) There is nothing alleged in the petition to the effect that plaintiff did not have an opportunity of examining and measuring the land for himself. Mires v. Summerville, 85 Mo. App. 183; Wood v. Murphy, 47 Mo. 539. (4) The petition does not state a cause of action. Mistake and accident are not recognizable at law, but only in equity. Therefore, so far as mistake is alleged, said count states no cause of action. Graham v. Barney, 65 Mo. App. 208; Huitt v. Truitt, 23 Mo. App. 443; Beall v. January, 62 Mo. 434; Pattison's Mo. Code Pleadings, sec. 71.

SMITH, P. J.—This is an action for deceit. The petition alleges that the defendant sold him a farm by the following description, to-wit: The northeast quarter of section number eighteen, except that part lying north of the middle of the main channel of Muddy creek; also excepting the following: beginning at the southeast corner of said northeast quarter of section number eighteen thence running west one hundred and thirty-

six and two-thirds poles, thence north forty-three poles and fifteen links; thence east to the east line of said section number eighteen; thence south forty-three poles and fifteen links to the place of beginning; also excepting from the remainder twenty acres off of the east side thereof; the east half of the northwest quarter, and twenty acres off of the south side of the west half of the northwest quarter of said section number eighteen, all in township number forty-six, north of range number twenty-one, west of the fifth principal meridian; also all of the southeast quarter of the northeast quarter of section number thirteen, in township number forty-six, and range twenty-two, lying east of Muddy creek; that he knew nothing whatever of the number of acres included in said description and that the defendant was aware thereof; that he (plaintiff) relied solely on the information derived from defendant, of which fact he (defendant) was aware; that defendant represented to him that the number of acres included in the said description was 160, and that defendant knew such to be the fact; that such representation was false and untrue and was either known by the defendant to be false, or else was recklessly made by the defendant as true for the purpose of having plaintiff accept the same as true and act thereon, when the defendant did not know the facts to be true; that during these negotiations, this plaintiff proposed to the defendant that the land should be surveyed and measured in order to determine the number of acres the land contained and to fix the aggregate amount of the consideration plaintiff was to pay for the land.   And the defendant thereupon, falsely and fraudulently, and for the purpose of injuring and defrauding this plaintiff, represented and stated to the plaintiff, that he, the defendant, had surveyed said land or caused it to be surveyed and measured, and that the land, by such survey and measurement, contained, in fact, 160 acres, and that there was no use of any further survey and measurement.   That plaintiff relying on

these false and fraudulent statements and representations relating to the number of acres of land in such description and such survey, so made by the defendant, and believing them to be true, was induced thereby to sign a contract, and accept a deed from the defendant, for said land and to pay defendant the sum of $3,500, whereas in truth and in fact the defendant did not have said land surveyed, and in truth and in fact said description contained only 141.82 acres of land. Plaintiff states that by reason of the false and fraudulent statements and representations made by the defendant to the plaintiff, as above stated, plaintiff was deceived and induced to sign said contract, accept said deed and pay the defendant $399.96 more money than was due the defendant; and plaintiff was wrongfully defrauded into accepting a deed conveying said land less by 18.18 acres than he believed, and was wrongfully led by the defendant to believe he was getting; that plaintiff has often demanded from defendant said sum of money out of which he was tricked and defrauded by the defendant, and defendant has refused to make restitution. Wherefore, etc.

The defendant's contention that the petition does not state a cause of action is not, at least as to the second count, well taken. Thomas v. Beebe, 25 N. Y. 244.

At the trial the plaintiff to maintain the issue in his behalf introduced as a witness Charles Walch who testified that he was present during the negotiations leading up to the purchase of the defendant's farm by plaintiff. The witness was asked: "Do you recollect the price asked at that time?" (By Mr. Barnett, for defendant): "At this point we object to that question, and, in order to get the whole matter before the court, we object to the introduction of any oral testimony as to what the contract was between these parties, because the petition itself says it was in writing. It might be that a writing might be introduced that was so obscure that oral testimony might be introduced to explain, but

first the writing must be seen, to show whether it is complete within itself and expresses the contract. I now tender the written contract to the gentlemen that they may introduce it if they desire, and I object to any oral testimony until that is first introduced.''

(By Mr. Hoffman, for plaintiff): ''We allege fraud in the procuring of that written instrument, and we are entitled to go into that. The rule that the gentleman states does not apply under the pleadings in this case. We charge that that was procured through fraudulent representations.''

(By Mr. Barnett): ''It will show upon its face that it could not be procured by fraudulent representations.''

(By the court): ''I think you had better introduce it first.''

To which action and ruling of the court the plaintiff then and there duly excepted at the time and still excepts.

(By Mr. Hoffman): ''My theory is that we commence and take it up by steps, and when we come to the contract, introduce it.''

(By the court): ''No, sir, that is not proper. It is a written contract that you plead, and you do not ask to set it aside, and now you undertake to show that that written contract was procured by fraud. Now introduce your contract and show that it was procured by fraud.''

(By Mr. Barnett): ''While it is true our objection now only goes to that extent, yet later on we are going to object to any testimony for the reasons these negotiations were had before the contract was signed, and the court can see upon the face of the contract that there could be no deceit in procuring that contract.''

(By Mr. Hoffman): ''If the court cuts us off from introducing oral testimony, what is the use of going on at all?''

(By Mr. Barnett) : "None at all."

(By Mr. Hoffman) : "I say there is. Mr. Barnett has seen fit not to demur to our petition, but objects to the introduction of any evidence."

(By the Court) : "Do you claim that there can be a written contract and you can throw it aside and go ahead?"

(By Mr. Hoffman) : "No, sir, we say we have a right to go in and claim under that contract for whatever we got and the damage for the difference. We stand on that contract and sue for damages for the fraud. Now we are commencing with the first history of the contract and we propose at the proper time to introduce that contract and the warranty deed."

(By the Court) : "The court will sustain the objection."

To which action of the court in sustaining said objection the plaintiff then and there duly excepted.

"Q.   (By Mr. Hoffman) : Was there a contract entered into for the purchase of the Keeney farm in the spring of 1898 between Mr. Leicher and Mr. Frank Keeney? A.   There was an instrument or something of that kind to make the deal good until Mr. Leicher returned from Chamois."

(By Mr. Barnett) : "We object to that. The contract speaks for itself."

"Q.   (By Mr. Hoffman) : You may examine that paper. (Handing witness contract marked 'Exhibit A'). A. Yes, sir. I believe that is the instrument."

(By Mr. Hoffman) : "We offer it in evidence."

(By Mr. Barnett) : "Well, read it."

Thereupon this contract was read in evidence. It recited that the defendant in consideration of the payment of $100 and the several payments afterwards to be made, as therein specified, sold the plaintiff what was known as the "Fowler farm," the main part of which was "situate in the north half" of a certain sec-

tion, township and range therein named. Plaintiff also introduced a warranty deed from the defendant to plaintiff for the land described in the petition, but further recited that the tract contained "160 acres, more or less."

Plaintiff then repeated to the witness Walch the question asked him at the outset, and to which he answered "Yes."

(By Mr. Barnett): "I object to any further evidence under this petition since the introduction of this written contract. Of course, the deed is merely a carrying out of it. We object to the preliminary negotiations for the reason that their contract was reduced to writing."

(By the Court): "Objection sustained." To which action of the court in sustaining said objection the plaintiff then and there duly excepted at the time and still excepts.

(By Mr. Hoffman): "Plaintiff excepts to the ruling of the court, and I suppose there is no use asking any further questions, excepting I want to put it in the record."

(By the Court): "Yes, sir."

(By Mr. Hoffman): "Plaintiff proposes and offers to prove by this witness on the stand and also by the plaintiff, William Leicher, *all the facts, allegations and statements stated in the petition;* and also to show by Thomas O. Stanley, who was in 1898 and for many years prior thereto the county surveyor of Pettis county, and who is an experienced and competent surveyor, that the land described in the petition and in said deed of conveyance mentioned in the petition was actually surveyed and measured by him and that upon actual survey and measurement he found it to contain 141.82 acres." To all of which offering of evidence the defendant objected, and the objection was by the court sustained; to which action of the court in sustaining said objection the plaintiff then and there duly excepted. Whereupon, the

plaintiff took a nonsuit with leave to move to set the same aside, etc.

The plaintiff's offers of proof of every fact alleged in his petition must.for the purpose of passing upon the propriety of the action of the court in rejecting such offers, be taken by us as and for the proof itself.

It is rather difficult to satisfactorily review the action of a trial court where a case was disposed of by it as this one was. It is rare that a party when it comes to the test can make such an omnibus offer good. When one is heard to say ''I can call spirits from the vasty deep,'' the inquiry generally suggesting itself is, ''will they come?'' Cases made in this way often turn out to be but little more than mere ''moot cases'' whose determination settle nothing of any practical importance in the case. Much valuable time and labor is frequently needlessly expended in determining such fictitious causes. In cases like the present it would be far better for the court to let the jury retire and then hear the proposed evidence and the objections thereto, and in that way both it and the reviewing courts may acquire a more intelligent idea of it and the questions of law raised by it. Suppose we declare the ruling of the court to be erroneous and direct the nonsuit to be set aside and a new trial had, and at such trial the plaintiff fails to make good his offers but adduces evidence making a different case? The result will be that the parties will find themselves just where they started and the decision of the reviewing court had as well not been made as respects the case. Such practice ought not to be tolerated, but the power to accomplish the needed reform does not reside with us.

The plaintiff stands in the attitude of having introduced evidence tending to prove that during the preliminary negotiations which took place between him and defendant respecting the purchase and sale of the land, that the defendant represented to him that the tract contained 160 acres, when, in fact, as he found out after the

completion of the purchase and the execution of the deed, it only contained 141.82 acres—or 18.18 acres less than the represented quantity; that when plaintiff proposed a survey of the land to ascertain its quantity defendant thereupon represented to him that he had himself caused it to be surveyed and that it was found by actual measurement to contain 160 acres, and that it was therefore unnecessary to make the survey; that the land did not contain the quantity represented and that defendant had not caused a survey thereof, and had not found by actual measurement that it contained that quantity, and that the falsity of these representations were known to defendant when made; that the plaintiff in ignorance of the falsity of these representations, and relying on them, was induced to enter into the contract of purchase and accept the deed.

In case of fraudulent misrepresentations as to some specific material fact affecting the value of the land, the vendee trusting to the representations of the vendor, upon the discovery of the fraud, may stand by his purchase and sue for the damages. Shinnabarger v. Shelton, 41 Mo. App. 147, and cases there cited; Owens v. Rector, 44 Mo. 389 l. c. 392-3. It is seen from the contract and the deed that the sale was not at so much per acre, but was a sale in gross. It has been ruled that the liability of a vendor for a fraudulent representation is as clear where a farm is in gross as where by the acre; and that if the fraudulent representations relate to the quantity of the land sold, it is immaterial whether the sale was in gross or by the acre. The representations may have induced plaintiff to enter into the contract for the purchase in gross instead of by the acre, and there would be great injustice in depriving him of his remedy for the fraud on that account. Thomas v. Beebe, 25 N. Y. 244; Tyler v. Anderson, 106 Ind. 191.

It is quite true, as the defendant contends, that it is a well-settled rule of law that where without fraud practiced upon him a person signs a contract he is con-

clusively presumed to know its contents and to accept
the terms thereof.   Johnson v. Ins. Co., 93 Mo. App.
590; Crim v. Crim, 162 Mo. 544; Kellerman v. Railroad,
136 Mo. 188; Och v. Railroad, 130 Mo. 44; Mateer v.
Railroad, 105 Mo. 320; Morgan v. Porter, 103 Mo. 135;
O'Bryan v. Kinney, 74 Mo. 125; Railroad v. Cleary, 77
Mo. 634.   As was said in Crim v. Crim, supra:   "The
written contract is conclusively presumed to merge all
prior negotiations and expresses the final agreement of
the parties."   But the doctrine of merger of all pre-
vious negotiations and representations in a written con-
tract and the merger of the written contract in the deed,
can have no application in a case like this where the
action is based on the fraud of the defendant and not
upon any warranty on contract on his part in regard to
the quantity of land.   Fraud can not be merged.   Gooch
v. Conner, 8 Mo. 391; Johnson v. Miles, 14 Wend. 195;
Thomas v. Beebe, ante.   The difference between the
quantity represented and that which was in fact con-
tained in the tract as described was so large as to be
material   and substantial.   The representation as to
quantity was prior to and outside of the contract, and
not at variance with the deed.

But it is said that this case is analogous to that of
Mires v. Summerville, 85 Mo. App. 183, and should be
decided in the same way; but this case is perhaps to
be distinguished from that, for here it seems the plain-
tiff vendee resided in a county different from that in
which the land was located.   The plaintiff and defend-
ant did not stand on an equal footing.   It does not ap-
pear that the plaintiff was at all familiar with the land,
but presumably, since he resided in another county, he
was not.   But not only this, when he proposed to de-
fendant to have a survey made to ascertain the quantity
with certainty, he was met by the representation of the
latter that he himself had had a survey made of it and
found out by actual measurement that it contained 160
acres.   After the plaintiff had trusted in the defend-

ant's representations and was thereby influenced and induced to enter into the contract, we do not think that when sued for his fraud defendant can be excused from answering for the consequences on the ground of the plaintiff's negligence where it appears that such negligence was caused by the conduct of the defendant himself. McGhee v. Bell, 70 S. W. l. c. 496-7; Starkweather v. Benjamin, 32 Mich. 305. It seems to us that on the facts which the evidence tends to prove there is no escape from the conclusion that plaintiff, in regard to the very essence and marrow of the subject of the negotiation, was deceived by the representations of defendant, to the former's great detriment.

The several colloquies carried on between the court and counsel during the examination of witness Walch shows that the learned court misconceived, or, rather, misapplied the rule quoted from Crim v. Crim. It seems to have failed to notice that the action was based on fraud and was for that reason not within the rule.

Even if the plaintiff can make the proof embraced in his comprehensive offer, we are not entirely clear as to whether or not he ought to recover. Nor are we quite satisfied with the way in which the case was disposed of in the court below; and accordingly, we shall reverse the judgment and remand the cause for further trial. All concur.