FRED DEVERO, Respondent, v. RATLIFF SPARKS et al., Appellants.

**Kansas City Court of Appeals, May 24, 1915.**

1. **FRAUD AND DECEIT: Representations: Reliance Thereon.** Plaintiff, relying upon a representation that defendant owned an unincumbered tract of land on which all taxes were paid, was induced to trade his picture show therefor in exchange for a warranty deed conveying said land to him. He turned over the picture show to defendants and they immediately transferred it to another but did not deliver a warranty deed but afterwards sent a quitclaim deed to him. *Held,* that the court properly set aside a nonsuit ordered at the close of plaintiff's evidence, since the evidence shows the representations were material, were false and known by the makers to be false, were relied upon by plaintiff, and that he was induced thereby to make the trade.

2. ———: ———: ———. The fact that plaintiff inquired of others as to value does not show that he did not rely upon the representations as to ownership since he made no investigations as to ownership and had a right to take defendants' word for that.

3. ———: ———: ———: **Jury Question.** If there is any evidence tending to show fraud and that plaintiff relied thereon, the case cannot be taken from the jury.

Appeal from Buchanan Circuit Court.—*Hon. Chas. H. Mayer,* Judge.

AFFIRMED.

*C. W. Meyer* for appellants.

(1) Plaintiff's petition does not state a cause of action. Devlin on Deeds (2 Ed.), sec. 27; Insurance Co. v. Landis, 50 Mo. App. 116. (2) Plaintiff fell far short of making a case, or any issues that could be submitted to the jury. Harkless v. Barton County, 85 Mo. 619. (3) It is evident from plaintiff's own testimony, that he relied on his own judgment when he

took the quitclaim deed. Consequently the principles laid down in Anderson v. McPike, 86 Mo. 293, are applicable here. (4) More than that, plaintiff could have informed himself as to the state of the title, as the abstract of title was close at hand. The proof fails to show that he was in anywise induced or persuaded not to examine it. His means of acquiring knowledge of the title were as good as that of defendant. Anderson v. McPike, supra, l. c. 300. (5) Fraud is not established and relief will not be granted without proof that the party who made the representation knew at the time it was false. The law raises no presumption of knowledge from the mere fact that the representation is false. Bigelow on Fraud, 57, 70; Anderson v. McPike, supra, l. c., 300. (6) Defendant Sparks called as a witness by plaintiff, testified that he "didn't know but very little about the abstract at all; never had it examined." This is undisputed testimony.

*J. N. Walker* for respondent.

(1) Plaintiff's petition states a cause of action. The petition alleges that the defendants procured plaintiff's property by fraud and deceit, and asks damages therefor. Lambert v. Jones, 91 Mo. App. 288; Hoffman v. Gill, 102 Mo. App. 320; Adams v. Barber, 157 Mo. App. 387; Ennis v. Padget, 122 Mo. App. 542; Fall v. Hornbeck, 132 Mo. App. 588; Stonemets v. Head, 248 Mo. 243. (2) Plaintiff waived none of his rights by taking the quitclaim deed and having it recorded under the circumstances and representation made to him as it did not in anyway affect the contract to give a warranty deed showing good title and taxes paid to date, nor did it remove or merge the fraud. Wilson v. Wilson, 115 Mo. App. 641; Leicher v. Keeney, 98 Mo. App. 394. (3) If one makes a material misrepresentation, knowing it is

not true, or makes a material statement as true, without knowing whether it is true or false, and it turns out to be false, and the other party relies upon it and is thereby induced to trade, he is guilty of fraud upon that party. Chase v. Rusk, 90 Mo. App. 28; Ring v. The Chas. Vogel Paint & Glass Co., 44 Mo. App. 111; Judd v. Walker, 114 Mo. App. 128; Judd v. Walker, 215 Mo. 312. (4) Plaintiff had the right to rely upon the statements made by the defendants as to Sparks' ownership of the land, and the defendants cannot avail themselves of the plaintiff's lack of care and attention; and they will not be permitted to escape their duty to recoup the plaintiff for the value of his picture show that they got by their false representations by urging the folly of plaintiff. Judd v. Walker, 114 Mo. App. 128; Judd v. Walker, 215 Mo. 312; Leicher v. Keeney, supra. (5) The plaintiff paid the defendants the full purchase price for the land, and had the right to a title which shall protect him from anxiety, lest annoying, if not successful, suits be brought against him and probably take from him the land in which his money is invested. Plaintiff has the right to a title which would not only enable him to hold his land, but hold it in peace, and if he wishes to sell it to be reasonably sure that no flaw will disturb its market value. Rozier v. Graham, 146 Mo. 361; McPherson v. Kissee, 239 Mo. 669; Ives v. Kimlin, 140 Mo. App. 301; Pearson v. Kelso, 141 Mo. App. 373.

TRIMBLE, J.—Plaintiff sues to recover the value of a St. Joseph moving picture show he alleges he was fraudulently and deceitfully induced to trade for a tract of land in Morgan county. The charge is that defendants fraudulently represented to plaintiff that defendant Sparks was the owner of, and had a good unincumbered title to the land, and, relying thereon, plaintiff agreed to exchange his picture show for the land, said Sparks to give a warranty deed conveying it free

Devero v. Sparks.

and clear of all encumbrances and with taxes paid; that plaintiff delivered the picture show pursuant to the contract and defendants promised to deliver the warranty deed but have heretofore failed to do so, and have no such title to the land which can be conveyed free and clear. The trial court sustained a demurrer to plaintiff's evidence forcing him to take a nonsuit with leave. Afterwards a motion to set aside the nonsuit was sustained, whereupon defendants appealed.

The court did right in setting aside the nonsuit. Giving full weight to plaintiff's evidence and the force of every intendment to which it is entitled under the circumstances, it sufficiently appears that plaintiff was made to believe that Sparks had a good unincumbered title to the land and would by warranty deed convey said title to plaintiff in exchange for the picture show. Plaintiff took defendants' word as to ownership and relied thereon. When they met to exchange documents, plaintiff gave defendants a bill of sale to the picture show. Defendants had with them a warranty deed from Sparks which plaintiff would not accept without the words "free and clear of incumbrance and taxes paid to date" incorporated therein. These were inserted and then plaintiff discovered that his first name was written "Frank" instead of "Fred" in the deed and called defendants attention to this error. Thereupon defendant, Howard, picked up the deed and put it in his pocket saying they would go by the picture show and take possession of it and then he would go to South St. Joseph where defendants' office was and have the deed corrected. Thereupon the party went to the picture show and plaintiff turned it over to them. But no deed was returned from South St. Joseph. Plaintiff sent his wife in a few days to get it but without success. He insisted upon getting his deed and finally defendants sent a representative to him who left a quitclaim deed with him, saying he could

take that or nothing. At once after getting possession of the picture show, the defendants transferred it to another. Plaintiff had the title investigated and, upon ascertaining it was no such title as it was agreed he should have, brought this suit.

The fact that plaintiff inquired of a banker (who seems to have been a friend of defendants), as to the *value* of the land does not militate against plaintiff's reliance upon defendants representations as to *ownership*. He had a right to accept their statements as to this. [Judd v. Walker, 114 Mo. App. 128, s. c. 215 Mo. 312; Leicher v. Keeney, 98 Mo. App. 394.] A fair construction to be placed upon the terms of the trade is that plaintiff gave the full value defendants asked for the land, and that the agreement was he was to have a good unincumbered title, one that would be reasonably sure to be free from flaws that would disturb its market value or hinder the sale, and that would enable plaintiff to hold his property in peace without anxiety. [Ives v. Kimlin, 140 Mo. App. 293, 1. c. 301; Rozier v. Graham, 146 Mo. 352, 1. c. 361.]

The abstract offered in evidence showed no such title in Sparks; and the evidence showed that he had never been upon or in actual possession of the land himself, and did not know anything concerning the facts of its possession. Indeed there is no evidence that he was ever even constructively in possession.

The representation that defendant Sparks owned an unincumbered tract of land free and clear of encumbrances was a material one, upon which the other party relied and was thereby induced to trade. If one "makes a material statement as true, without knowing whether it is true or false and it turns out to be false, and the other party relies upon it and is thereby induced to trade, he is guilty of a fraud upon that other party." [Chase v. Rusk, 90 Mo. App. 25, 1. c. 28; Ring v. The Chas. Vogel Paint and Glass Co., 44 Mo. App. 111.] Even if Sparks thought he owned the land free

and clear and it turned out afterward he was mistaken this would not relieve him from liability. [Hitchcock v. Baughn, 44 Mo. App. 42; Smithers v. Bircher, 2 Mo. App. 499.] The leaving of a quitclaim deed with plaintiff with the announcement that he could take that or nothing can make no change in the situation since at that time the contract had been made and executed on plaintiff's part by the turning over of the picture show to defendants. [Wilson v. Wilson, 115 Mo. App. 641, 1. c. 647.] The presentation of a quitclaim deed was not any compliance with the contract on the part of defendants.

If there is any evidence tending to show fraud and that plaintiff relied thereon, the case cannot be taken from the jury. [Dyer v. Cowden, 168 Mo. App. 649.]

The evidence against Howard is very slight. If he was acting merely as agent for Sparks and was not in a conspiracy with him to defraud plaintiff, then, of course, he is not liable. His course, however, in taking the deed and promising to return it properly corrected and then disappearing as soon as possession of the picture show was obtained and transferred to another party, inclines us to affirm the judgment against both defendants. It may be that the evidence next time will be clear on points that now appear to be somewhat in doubt. The judgment setting aside the nonsuit and granting a new trial is affirmed. All concur.