J. A. MacKinnon, Respondent, v. Henry F. Weber, Appellant.— 75 S. W. (2d) 638.

St. Louis Court of Appeals. Opinion filed November 8, 1934.

*R. E. Kleinschmidt* for appellant.

*Thompson, Mitchell, Thompson & Young, R. Forder Buckley* for respondent.

BECKER, J.—This is an action at law for damages for fraud and deceit based upon alleged misrepresentations as to the acreage of a tract of land sold by defendant to plaintiff. Upon a trial verdict resulted in favor of defendant and judgment in due course followed. Thereafter the court granted plaintiff a new trial on the ground that the court had erred in giving two instructions on behalf of the defendant, and defendant appeals.

Since defendant urges here on appeal that plaintiff's petition fails to state a cause of action, and that his demurrer offered thereto should have been sustained; and further contends that even though we rule that plaintiff's petition states a cause of action, plaintiff, upon the record, failed to make out a case submissible to the jury, and that his demurrer offered at the close of the case should have been given, it is necessary that we dispose of these propositions at the threshold of the case.

Plaintiff's amended petition upon which the case was tried, alleges that he was a resident of the city of St. Louis, and had purchased a track of land in Jefferson County, Missouri, in which county the defendant resided, from the defendant; that defendant represented that the tract contained "35 acres, more or less;" that the land was unfenced and was partly cleared lowland and partly rough timber highland; that the public road bound said land on one side but that the other boundaries were unmarked and undiscernible; that only the corners of said land on the public road were shown to plaintiff; that not all of the tract represented to contain thirty-five acres could be seen by plaintiff or was visible from any one place; that after plaintiff, accompanied by defendant's son and agent, had viewed the land, the defendant himself personally stated and represented to plaintiff that the land that had thus been exhibited to plaintiff comprised one tract of thirty acres, upon which there were no improvements, and a five acre tract improved with an unfinished farmhouse, making a total of thirty-five acres; that it was thereupon agreed that defendant would sell said land to plaintiff at the price of $90 per acre plus $850 for the improvements on the five acre tract, and $100 for an interest in the crops then growing on said land, and the completion of the house, aggregating a total consideration of $4100; that a written agreement was thereupon entered into, the agreed

consideration of $4100 recited therein being based upon the tract containing thirty-five acres at $90 per acre and $950 for the improvements and crops as above set forth.

Said written agreement recited that the defendant had on "this 9th day of May, 1931, sold to the plaintiff the following described tract of land, to-wit: *A part* of the East Half (E½) of the Southeast Quarter (SE¼) of Section 4, Township 42, Range 4 East, containing *thirty-five acres, more or less,* for the sum of Forty One Hundred Dollars to be paid as hereinafter set forth. . . . The party of the first part agrees to convey to the party of the second part the premises above described free and clear from all incumbrances, by a deed of general warranty within ten days of date or as soon as land can be surveyed and title run."

The petition then alleges that on May 20, 1931, purporting to act in pursuance of said contract, defendant tendered to plaintiff a deed to certain lands described by metes and bounds, "containing in all 31.75 acres, more or less;" that plaintiff refused to accept said deed and demanded the return of the partial purchase payment that had previously been paid by plaintiff to defendant, "for the reason that said deed purported to cover only 31.75 acres more or less instead of 35 acres more or less, as had been agreed upon; that defendant refused to refund to plaintiff the money theretofore paid by him and again stated and represented to plaintiff that said tract of land contained thirty-five acres and that he knew such to be the fact; that after discussion it was agreed that plaintiff would accept said deed and that defendant would credit $100 upon the total purchase price, and that thereafter plaintiff paid to the defendant the full balance of the purchase price set out in the contract less the said $100. The petition then avers that the land actually conveyed by deed so accepted by plaintiff contained but 27.34 acres of land, and that the statements and representations made to plaintiff by defendant at the time and prior to the execution of said contract of May 9, 1931, and again made by defendant to plaintiff at the time the deed was tendered to plaintiff, that said tract contained thirty-five acres, and that he, the defendant, knew such to be the fact, were false and that the defendant made said statements either knowing them to be false or without regard as to whether they were true or false, and knew that he had no knowledge as to whether they were true or false; that the recital of said deed that the tract contained 31.75 acres is also false; that the courses and distances set forth in said deed of conveyance are not correct; that at the time defendant tendered plaintiff said deed, defendant also tendered to plaintiff a purported plat of said land showing the boundaries to be of the length and in the direction recited in said deed, and that said purported survey is not a true survey of said land as defendant well

knew; that the aforesaid representations and statements to the effect that said tract of land contained thirty-five acres were made by defendant to plaintiff for the purpose and with the intention of inducing plaintiff to agree to pay, and to pay the defendant the said sum of $4100 as a purchase price of said land, and to cause plaintiff to believe the said land in truth and in fact comprised thirty-five acres, so that he was paying therefor at the rate of $90 per acre; that plaintiff relied upon the superior knowledge and means of information of defendant and believed said representations, and in reliance thereon, and induced thereby, agreed to pay and did pay to defendant said sum of $4100 less $100 as agreed aforesaid; that when said deed was tendered to plaintiff and defendant again represented that said land comprised thirty-five acres, plaintiff again believed said representations and relied thereon and believed that said tract contained at least 31.75 acres, as in said deed recited; that plaintiff accepted said deed and made said compromise in reliance upon the truth of said false representations; that plaintiff did not discover said representations were false until after he had paid the whole of said consideration. Plaintiff's amended petition closes with a paragraph that "wherefore plaintiff hereby rescinds and cancels said agreement of compromise and credits defendant with said sum of $100 allowed plaintiff under said compromise agreement as aforesaid, and avers that he has been damaged in the sum of $589.40, being the agreed value of 7.66 acres at $90 per acre, less said sum of $100 allowed plaintiff under said compromise."

The defendant filed a demurrer on the ground that the petition failed to state facts sufficient to constitute a cause of action. The demurrer being overruled, the defendant filed an answer denying that the land was sold by the acre, and alleging that there was a defect of parties plaintiff, for the reason that a portion of the land described in the petition was conveyed by defendant to plaintiff and his wife, and that the wife had not been made a party to the suit; and said answer also alleges that when defendant sold plaintiff said land he was of the honest opinion and belief that the tract contained thirty-five acres; that he caused the land to be surveyed by a competent surveyor and learned that it did not contain that area, and that then plaintiff and defendant compromised the dispute as to the shortage of acres by reducing the purchase price to the extent of $100, and by defendant paying the 1931 taxes, and that plaintiff is estopped, therefore, from claiming damages. Said answer also pleads laches and negligence on the part of plaintiff in not discovering the alleged shortage until long after the compromise was effected and all differences as to area adjusted for a valuable consideration.

We take up first defendant's contention that plaintiff's amended petition was fatally defective in that it alleges false statements of

the defendant in regard to a sale of land by the acre, and then sets out a written contract which conclusively shows that the sale was not by the acre but in gross. It is argued that though the written contract mentioned a number of acres, it was but a matter of description and that where such mentioned acreage does not appear of the essence of the contract the buyer takes the risk of quantity, citing Wood v. Murphy, 47 Mo. App. 539.

An examination of the Wood case discloses that it was not an action in fraud and deceit. In that case plaintiff sought to rely upon the mention of a quantity of acres in a deed in which the land was described by its governmental subdivisions excepting therefrom, in a description by metes and bounds, a half acre adjoining the townsite, which was reserved by the grantor. At the conclusion of this descriptive portion of the deed, these words were added, "containing 261.27 acres." Several months after making the purchase, plaintiff discovered a shortage in the number of acres, and for this alleged deficiency he sued the defendant for a return of a portion of the purchase price. In the course of the opinion it is held that in this State the views of Chancellor Kent have been accepted to the effect that "in the description of the land conveyed, the rule is that known and fixed monuments control courses and distances. So the certainty of metes and bounds will include and pass all lands within them, though they vary from the given quantity expressed in the deed. The least certain and material parts of the description must yield to those which are the most certain and material, if they cannot be reconciled. . . . The mention of quantity of acres, after a certain description of the subject by metes and bounds, or by other known specifications, *is but matter of description,* and does not amount to any covenant or afford ground for the breach of any of the usual covenants, though the quantity of acres should fall short of the given amount. Whenever it appears by definite boundaries, etc., that the statement of the quantity or acres in the deed is a mere matter of description, and not of the essence of the contract, the buyer takes the risk of the quantity *if there be no intermixture of fraud in the case.*" [Citing cases.] The opinion then states that "the enforcement of the doctrine thus stated must preclude plaintiff's recovery for the alleged deficiency in acreage *unless* indeed defendant was guilty of fraud in the transaction, and the evidence gives no color to such a charge as that."

In the instant case an examination of the written contract discloses a sale of a tract of land, *"being part* of the East Half (E½) of the Southeast Quarter (SE¼), etc., *containing 35 acres, more or less."* It is at once apparent that the governmental subdivisions referred to do not bring the case within the rule laid down in the Wood case, since the description of the tract of land merely calls for *"a part of"*

a certain section of land, and that *"part"* being definitely stated as *"35 acres, more or less,"* there is absent a description of the subject either by metes and bounds or by other known specifications, leaving the designation of *"35 acres, more or less"* a material part of the description and of the essence of the contract. And in a sale of land, misrepresentations affecting the value of land by overstating the quantity are material, whether the sale was by the acre or in gross, as was ruled in the case of Leicher v. Keeney, 98 Mo. App. 394, l. c. 404, 72 S. W. 145.

It follows that the demurrer to plaintiff's petition was well ruled. [Leicher v. Keeney, supra; Ash v. Riley (Mo. App.), 46 S. W. (2d) 897; Kelley v. Peeples, 192 Mo. App. 435, 182 S. W. 809.]

Nor do we find any merit in the contention that plaintiff failed to make a case for the jury. A reading of the testimony adduced on behalf of plaintiff, if believed, as it must be upon demurrer, and allowing him the reasonable favorable inferences arising therefrom, clearly tends to support each of the allegations of plaintiff's petition.

Our examination of the instructions numbered one and two, on behalf of the defendant, brings us to the conclusion that the trial court properly granted plaintiff a new trial for error in the giving thereof. Defendant's instruction numbered one reads as follows:

"The Court instructs the jury that before you can find for the plaintiff in this case, you must find and believe from the evidence that the defendant contracted and agreed to sell the real estate described in the evidence to the plaintiff by the acre and not at so much for the entire tract, and you must further find that defendant intended to defraud plaintiff as to the number of acres contained in said tract, or that he knew, or had reason to know, that the tract contained less acreage then represented by him to plaintiff, and that he intentionally concealed said fact from plaintiff."

This instruction is erroneous in telling the jury that before they can find for plaintiff they must find that the defendant intended to defraud plaintiff or that he knew or had reason to know that the tract contained less acreage than represented.

It has been held repeatedly that it is not necessary, in order to make out a case for fraudulent representations, that the defendant shall have had actual knowledge that the facts stated by him were false. It is sufficient that defendant be shown to have made such representations with the consciousness that he was without knowledge as to their truth or falsity when, in fact, they were false. Such representations are actionable. [Luikart v. Miller (Mo.), 48 S. W. (2d) 867; Peters v. Lohman, 171 Mo. App. 465, 156 S. W. 783; Gadberry v. Bolton (Mo. App.), 242 S. W. 688; Devero v. Sparks, 189 Mo. App.

500, l. c. 504, 176 S. W. 1056; White v. Reitz, 129 Mo. App. 307, l. c. 313, 108 S. W. 313.] "The knowledge necessary to establish *scienter* may be constructive, *scienter* being implied from a statement made as of the speaker's knowledge and in ignorance of its truth." [26 Corpus Juris, 1109, sec. 39; Dunn v. White, 63 Mo. 181, l. c. 185.]

Error inheres in instruction numbered two given at the request of defendant. The instruction reads as follows:

"The Court instructs the jury that if you find and believe from the evidence that after the plaintiff and defendant executed a contract of sale as to the real estate described in the evidence, and after said tract of land had been surveyed and the plaintiff learned that said tract was shown by said survey to contain less acreage than specified in said contract to convey, the plaintiff agreed to accept a deed to said land at a reduced purchase price and did so accept the same, then your verdict must be for the defendant, regardless of what you may believe the evidence may show as to the number of acres said tract actually does contain."

The instruction errs in that it tells the jury that if they find that after the land had been surveyed, plaintiff accepted a deed at a reduced price, then the verdict must be for defendant, *regardless of what the evidence might show as to the number of acres the tract actually did contain.*

Plaintiff testified that he accepted the deed in question in reliance upon defendant's statement that the land contained at least 31.75 acres, and that this representation was false and that he elected to disaffirm this agreement because of the materiality and falsity of said representation. The instruction clearly omits all reference to this contention of plaintiff and would require the jury to find for defendant even though they believed from the evidence that the compromise agreement had been obtained by fraud, which is not the law.

"A release is invalid and not binding, and may be avoided and set aside, if procured by fraud or deceit, or by false and fraudulent representations." [35 Corpus Juris, 1217, 1218, sec. 34.]

For the errors noted above we rule that the trial court properly sustained plaintiff's motion for new trial on the grounds given by the trial court. The order and judgment granting a new trial are affirmed. *Hostetter, P. J.,* and *McCullen, J.,* concur.