**STATE of Missouri, Respondent,**

v.

**James KNUPP, Appellant.**

**No. 58103.**

Supreme Court of Missouri,
Division No. 1.

March 11, 1974.

Motion for Rehearing or to Transfer to Court
En Banc Denied April 8, 1974.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

John E. Luther, Memphis, Dennis W. Smith, Zenge & Smith, Canton, for appellant.

HIGGINS, Commissioner.

James Knupp was convicted by a jury of stealing a motor vehicle. The jury was unable to agree on defendant's punishment; the court fixed the punishment at five years' imprisonment, and sentence and judgment were rendered accordingly. §§ 560.156, 560.161, RSMo 1969, V.A.M.S.; Rule 27.03; V.A.M.R. (Appeal taken prior to January 1, 1972.)

Appellant does not question the sufficiency of evidence to sustain his conviction; and the evidence would permit the jury to find: that on June 15, 1971, Delmar Saxton parked his 1968 GMC truck, valued at $2800, on his property one-fourth mile east of Memphis, Scotland County, Missouri; that on June 16, 1971, around 9 a. m., he discovered the truck missing and reported its loss to the sheriff; that the truck was later found in Waterloo, Iowa; that Larry Curtis and defendant James Knupp became friends while imprisoned in the Iowa State Penitentiary at Fort Madison, Iowa; that after their releases and on June 12, 1971, Larry Curtis met defendant in Memphis, Missouri, and they rode around looking for cattle to steal; that they located Mr. Saxton's truck and some cattle, and made plans to steal the cattle through use of the truck; that they met again June 15, 1971, around 9:30 to 9:45 p. m.; that Mrs. Curtis drove

her husband and defendant to Mr. Saxton's truck; that both men entered the truck and, with defendant driving, proceeded to the cattle pens where they loaded the cattle into the truck; that Larry Curtis then drove to the intersection of Highways 15 and 136 where defendant got out of the truck and told Curtis to get rid of the truck the best way he could; that Curtis then drove into Iowa and, after two unsuccessful attempts to sell the cattle, abandoned the truck at Waterloo, Iowa. Defendant offered an alibi for his whereabouts. Such evidence made a submissible case of stealing a motor vehicle. §§ 560.156, 560.161, supra.

Appellant charges first that the court erred "by allowing witness Larry Curtis to testify extensively concerning a purported theft of cattle, * * * such evidence being irrelevant and immaterial and highly prejudicial to the rights of the appellant to a fair trial, the admission of which was a denial of due process of law and equal protection of the law."

In presenting his point, appellant recognizes by citation of State v. McDaris, 463 S.W.2d 809, 812 (Mo.1971), that proof of commission of other crimes is admissible on the issue of defendant's guilt of the charge on trial if such proof goes to (1) motive, (2) intent, (3) absence of mistake or accident, (4) a common scheme or plan embracing the commission of two or more crimes so related that proof of one tends to establish the other, or (5) identity of the person charged. Limiting his contention to the element of intent, appellant argues that "the very act with which the Defendant is charged, if proven, shows intent"; ergo, "commission of other crimes is inadmissible."

█ Appellant's argument overlooks the rule that "if the evidence was generally competent on any theory or for any purpose, the trial court cannot be convicted of reversible error in admitting it." State v. Scown, 312 S.W.2d 782, 789 (Mo.1958). In this case, the questioned evidence had probative value on the matters of (1) mo-

tive, and (4) a common scheme or plan embracing two crimes so related that proof of one tended to establish the other.

With respect to motive, the evidence shows that defendant and Curtis were planning to steal cattle and that they needed the truck to transport them from their pens to the place of sale. The need of the truck for transportation of the cattle was thus the moving cause, i. e., motive, for the theft of the truck. State v. Logan, 344 Mo. 351, 126 S.W.2d 256, 260 [13] (1939).

With respect to common scheme or plan, the evidence shows that the scheme or plan devised by Curtis and defendant was to steal cattle and involved first the theft of the truck as a means of transporting the cattle and its immediate use in transporting the cattle from the place of the theft of both the truck and the cattle. The two crimes were thus a part of a single transaction or chain of events. State v. Boyer, 476 S.W.2d 613, 616–617 (Mo.1972).

Appellant charges also that the court erred "by admitting evidence of appellant's juvenile record over the objection of appellant, and by refusing to strike such evidence and to instruct the jury to disregard all such evidence."

Defendant took the witness stand in his own behalf and, on his direct examination, in prelude to his alibi and denial of guilt, the following transpired:

"Q [Mr. Luther, defense counsel]. Please inform the jury what your prior criminal record is?

"MR. WEBBER: Objection. Counsel is trying to rehabilitate the witness before he has been impeached. It isn't proper. COURT: Overruled. I think he can ask him, if he wants to.

"A. I was charged in Iowa for larceny in the night time, and was sentenced to 10 years in Ft. Madison penitentiary. Q. Do you have any other convictions? A. I was charged for operating a motor vehicle, without the owner's consent. I got 8

months for that. Q. Isn't it true— A. I had a juvenile record. Q. And you have been convicted of drunken driving? A. Yes. Q. Or driving while intoxicated? A. Yes, Q. When you were released from the penitentiary at Ft. Madison, were you released with a complete release? A. No, I was released on parole. Q. Have you served that parole? A. Yes. Q. And came back to Memphis, for what purpose? A. Came back to Memphis to start a new life."

On cross-examination of defendant, the following transpired:

"Q [Mr. Webber, prosecuting attorney]. I believe you testified you were convicted of a crime of larceny in the night time in Iowa, for which you received punishment of 10 years in Ft. Madison Penitentiary? A. Yes. Q. And you also were convicted of operating a motor vehicle, without the owner's consent, is that the same as stealing a car? A. No, it's what they call joyriding. Q. And you were convicted of driving a motor vehicle while intoxicated, was that in the State of Missouri or State of Iowa? A. The State of Missouri. Q. Were you convicted of operating a motor vehicle while intoxicated in the State of Iowa? A. Yes. Q. Any other crimes you were convicted of? A. Just juvenile crimes. Q. Isn't it true, you were also convicted of operating a motor vehicle, without the owner's consent in District Court, in Madison County, Iowa? A. That's the one I was talking about. Q. Well, were you convicted of operating a motor vehicle without the owner's consent in Wapello County— strike that. In Des Moines County, Iowa? A No, not in Des Moines County that I know of. * * * Q. Were you also convicted of operating a motor vehicle, once in Madison County, and once in Des Moines County? A. I was. Des

Moines County is what? Burlington? Q. That's right. A. Right. Q. And Madison County is Winterset? A. And that's in my juvenile record, there. MR. SMITH: We'd like to move that testimony concerning the juvenile offense be stricken and the jury instructed to disregard it. COURT: Overruled."

The quoted testimony shows that defendant volunteered the first reference to "juvenile record" on his direct examination; that it was not in response to his counsel's questioning, and it passed without objection or request for relief. Similarly, the references by defendant to "juvenile crimes" and "my juvenile record" in cross-examination were not responsive to the prosecuting attorney's question, and only after this third mention of a juvenile court background was there any request for relief or instruction.

■ Although it is generally error in Missouri to impeach a defendant in a criminal case by referring to his Missouri[1] juvenile court adjudication, State v. Marler, 453 S.W.2d 953, 957 (Mo.1970), in the particular circumstances of this quoted record, including his impeachment by other prior convictions, appellant is not entitled to a new trial upon this assignment of error. State v. Richardson, 364 S.W.2d 552, 555–556[8–10] (Mo.1963). See also Barnard v. Wabash R. Co., 208 F.2d 489 (8th Cir. 1953). Cf. State v. Marler, supra, 453 S. W.2d 1. c. 957[4, 5].

Judgment affirmed.

WELBORN, C., concurs.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All of the Judges concur.

---

1. Defendant's juvenile court record apparently arose in Iowa, and neither party has briefed whether an adjudication of delinquency in Iowa is inadmissible as a conviction for purposes of impeachment in a subsequent criminal case.